

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MANUEL FLORES, | § | |
| | § | |
| Movant, | § | |
| | § | |
| VS. | § | NO. 4:09-CV-519-A |
| | § | (NO. 4:07-CR-087-A) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION
and
ORDER

Came on to be considered the motion of movant, Manuel Flores

("Flores"), under 28 U.S.C. § 2255 to vacate, set aside, or

correct sentence. Having reviewed the motion, the government's

response, Flores's original and amended replies,[1] the record, and

the applicable legal authorities, the court concludes that the

motion should be denied.

I.

Background

On August 17, 2007, Flores pleaded guilty to one count of

possession of a controlled substance with intent to distribute in

---

[1]On January 8, 2010, Flores filed a motion for leave to amend his opposition to the government's
response. The court has concluded that the motion should be granted, and has considered the amended
opposition in the determination of Flores's motion pursuant to § 2255.

1

violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). The court on November 30, 2007, sentenced Flores to 230 months' incarceration, to be followed by a term of supervised release of five years. Flores timely appealed, and on November 17, 2008, the Fifth Circuit dismissed the appeal as frivolous. Flores timely filed the instant motion.

## II.

### Grounds of the Motion

In his motion, Flores asserts that he was denied effective assistance of counsel because his attorney failed to: (1) ensure the court followed United States v. Booker, 543 U.S. 220 (2005); (2) have the court comply with 21 U.S.C. § 851(a) prior to enhancing his sentence; (3) ensure the court applied the correct guideline range; (4) object to the drug quantity that was based on false and unreliable information;[2] and (5) object to the presentence report. For the reasons stated herein, all of Flores's assertions are insufficient to grant his motion.

---

[2]On the cover page of his memorandum in support of his motion to vacate pursuant to § 2255 Flores asserts as the second ground of his motion that "part of his sentence was based on false and unreliable information in violation of due process." In the body of the motion Flores mentions the words "due process" but frames this argument as part of his claim of ineffective assistance of counsel. That is how the government addressed this claim in its response and is how the court will address it as well.

III.

Applicable Standards

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted.  United States v. Frady, 456 U.S. 152, 164 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991).  Section 2255 does not offer recourse to all who suffer trial errors.  Rather, it is reserved for errors of constitutional or jurisdictional magnitude and for errors that could not have been raised on direct appeal and, if allowed to stand, would result in a complete miscarriage of justice.  United States v. Smith, 844 F.2d 203, 205-06 (5th Cir. 1988).

To prevail on his ineffective assistance of counsel claim, Flores must show that (1) his attorney's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 688, 694 (1984).  Both prongs of the Strickland test must be met to demonstrate ineffective assistance.  Id. at 687.  Further, "[a] court need not address both components of an ineffective assistance of counsel claim if the movant makes an insufficient showing on

3

one." <u>United States v. Stewart</u>, 207 F.3d 750, 751 (2000).  In

the context of a guilty plea, movant, in order to prove

prejudice, "must show that there is a reasonable probability

that, but for counsel's errors, he would not have pleaded guilty

and would have insisted on going to trial." <u>Hill v. Lockhart</u>,

474 U.S. 52, 59 (1985).  To prove that he was prejudiced by a

sentencing error, Flores must show that there is a reasonably

probability that, but for counsel's error, he would have received

a lower sentence. <u>United States v. Grammas</u>, 376 F.3d 433, 439

(5th Cir. 2004).  Judicial scrutiny of this type of claim must be

highly deferential, and the movant must overcome a strong

presumption that his counsel's conduct falls within the wide

range of reasonable professional assistance. <u>Id.</u> at 689.

IV.

<u>Analysis</u>

1. <u>Application of Booker</u>

Flores contends that the court at sentencing erroneously

attributed an extra 5,721.6 grams of methamphetamine possession

to him to which he had not admitted possessing.  Flores claims

that under <u>Booker</u> facts beyond those established by a plea

agreement must be admitted by the defendant or proved beyond a

reasonable doubt, and his counsel was ineffective for failing to

4

urge the court to apply this reasoning to his sentence.  Contrary

to Flores's argument, <u>Booker</u> does not "impede a sentencing judge

from finding all facts relevant to sentencing," and the court may

make such factual findings under a preponderance of the evidence

standard.  <u>United States v. Duhon</u>, 541 F.3d 391, 396 (5th Cir.

2008) (quoting <u>United States v. Mares</u>, 402 F.3d 511, 519 (5th

Cir. 2005)).  "[A] sentence falling within a properly calculated

guideline range . . . is presumptively reasonable."  <u>United</u>

<u>States v. Cisneros-Gutierrez</u>, 517 F.3d 751, 766 (5th Cir. 2008).

Here, the court properly accepted the findings of the

presentence report, including a finding of the quantity of drugs

now challenged by Flores.  The court also found the range of

imprisonment to be 210 to 262 months; Flores's sentence at 230

months, within the middle of the range, is presumptively

reasonable.  Nevertheless, Flores's counsel objected to the

reasonableness of the sentence.  Sentencing Tr. at 8.  Flores has

failed to show that but for the result of counsel's errors the

proceeding would have been different.

2.   <u>Compliance With 21 U.S.C. § 851(a)</u>

Flores contends the district court failed to comply with 21

U.S.C. § 851(a), which requires the government to provide notice

to the defendant of its intent to seek an enhanced sentence based

on prior convictions.   "According to the language of the statute, the notice requirement applies to persons convicted of an offense under Title 21 when the Government seeks to enhance the maximum penalty under the recidivist provision of that statute."   United States v. Marshall, 910 F.2d 1241, 1244-45 (5th Cir. 1990). Section 851(a) is inapplicable, however, to sentencing conducted under the Sentencing Guidelines, as in the instant case.   See id; Hansen v. United States Parole Com'n, 904 F.2d 306, 309 (5th Cir. 1990).   Section 851(a) affords Flores no basis for relief.

3.   The Court Applied the Correct Guideline Range

This claim is essentially a rewording of Flores's first claim.   For the reasons discussed under item number 1, supra at 4-5, this claim also lacks merit.

4.   Objections to Drug Quantity

Flores contends his counsel was ineffective for failing to object to the quantity of drugs attributed to him based on statements by Kristine Kinsey and Augustina Terrell, two individuals to whom he sold drugs.   Government agents interviewed Terrell when she was arrested upon leaving a hotel room with Flores and she admitted purchasing quantities of drugs from him. Kinsey was interviewed in an unrelated matter and also admitted purchasing a quantity of drugs from Flores.   This information was

6

included in the presentence report.  Attached to Flores's motion

are Exhibit A, "Report of Investigation," apparently summarizing

agents' interview with Kinsey, and Exhibit B, a summary of the

government investigator's interview with Kinsey based on his

handwritten notes.  Flores contends that his counsel was

ineffective for failing to object to use of this information in

calculating his base offense because Kinsey's statements in

Exhibit A were false and unreliable, and because the witnesses

were drug addicts.

The presentence report "generally bears sufficient indicia

of reliability to be considered as evidence by the sentencing

judge," and the court may adopt the facts contained therein

"without further inquiry if those facts have an adequate

evidentiary basis with sufficient indicia of reliability and the

defendant does not present rebuttal evidence or otherwise

demonstrate that the information in the [presentence report] is

unreliable." United States v. Trujillo, 502 F.3d 353, 357 (5th

Cir. 2007) (internal citations omitted).  It is the defendant's

burden to show that the information in the presentence report

upon which the court relies is materially untrue.  Id.  Here,

Flores offers nothing to support his conclusory assertions

concerning the reliability of Terrell and Kinsey, and he offers

nothing to show why his counsel or the court should have questioned their veracity at the time of sentencing.   The court was entitled to rely on this information in the presentence report.

Flores further contends that his counsel was ineffective for failing to produce Exhibit B to the court, claiming the statements attributed to Kinsey regarding her purchases of drugs from Flores in Exhibit B contradict those she allegedly made in Exhibit A, thus demonstrating her unreliability.   The court disagrees.   In Exhibit A Kinsey, when interviewed on June 6, 2007, reported that she had been buying methamphetamine from Flores since January 2007, then says she had been purchasing drugs from Flores "for the last three months" and that she purchased quarter pound amounts every two days.   According to the investigator's notes as summarized in Exhibit B, Kinsey "did not waiver from her written statement given . . . on June 6, 2007," she reported she began purchasing drugs from Flores from March 2007 until May 2007, and she purchased a quarter pound at a time every two or three days.   Flores apparently seizes on Kinsey's statement in Exhibit A that she began purchasing drugs in January 2007 to argue for the inconsistency between the two statements. The court finds this slight discrepancy inconsequential,

8

especially in light of the remaining consistencies in the two statements.  Flores has offered nothing to show that the outcome of the proceedings would have been different if counsel had brought Exhibit B to the court's attention.

5.   <u>Failure to object to the presentence report</u>

Flores last appears to contend that his counsel was ineffective for failing to object that the court relied on the drug quantity in the presentence report rather than in the factual resume to which he pleaded guilty.  Flores also seems to contend that the government breached the plea agreement.  His arguments are without merit.  As discussed <u>supra</u>, the court is entitled to rely on the presentence report and is not bound by the factual resume.  This was explained to Flores at rearraignment when the court instructed Flores that the court was not bound by facts stipulated between he and the government and that the court could impose punishment "that might disregard stipulated facts or take into account facts not mentioned in the stipulated facts."  Rearraignment Tr. at 8.  Flores testified that he understood these instructions.  Flores has also failed to show any breach by the government of the plea agreement. Nothing in the plea agreement reflected any promise by the government regarding a quantity of drugs or the length of

sentence he would receive.   Indeed, the plea agreement states the opposite: that the court will impose sentence in consideration of the United States Sentencing Guidelines, and that "there have been no guarantees or promises from anyone as to what sentence the Court will impose."   Plea Agreement at ¶¶ 4, 8.   Flores also testified at rearraignment that he read, understood, and agreed with the terms of the plea agreement before signing it.   Flores has failed to meet the required showing as to this or any of his claims.

VI.

ORDER

For the reasons discussed above,

The court ORDERS that Flores's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 be, and is hereby, denied.

SIGNED January 17, 2010.

_____
JOHN McBRYDE
United States District Judge